OSCN Found Document:STATE v. THOMAS

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

STATE v. THOMAS2014 OK CR 12Case Number: S-2013-767Decided: 09/17/2014THE STATE OF OKLAHOMA, Appellant, v. KANTON DAMONT THOMAS, AppelleeCite as: 2014 OK CR 12, __ __

OPINION

SMITH, VICE PRESIDING JUDGE:
¶1 Kanton Damont Thomas was charged with Count I, Possession
of a Controlled Dangerous Substance (Marijuana) in violation of 63 O.S.2011, § 2-402, and Count II,
Possession of a Firearm After Former Conviction of a Felony in violation of 21 O.S.2011, § 1283, in the District
Court of Oklahoma County, Case No. CF-2012-5639.1 Thomas moved to suppress the evidence
against him, and a hearing was held on July 22, 2013. On August 2, 2013, the
Honorable Glenn Jones denied the motion in part and granted the motion in part,
suppressing evidence obtained as a result of the search of Thomas's cellular
phone. The State timely appealed that Order under 22 O.S.2011, § 1053(5). The State
raises four propositions of error in support of its appeal.
¶2 After his arrest for possession of a small amount of
marijuana, officers searched Thomas's cell phone without his permission. They
saw pictures of Thomas holding firearms, cash, and drugs, and used the
information from those pictures to get a search warrant for the contents of the
phone. The pictures formed the basis for the charge in Count II, that Thomas
illegally possessed firearms after a former felony conviction.
¶3 A review of the record shows the appeal is proper and
review of the issue is in the best interests of justice. 22 O.S.2011, § 1053(5); State v.
Pope, 2009 OK CR 9, ¶ 3, 204 P.3d 1285, 1287.
¶4 Our decision in Proposition II resolves this case. In
Proposition II the State argues that the trial court erred in finding that the
search of Thomas's cell phone was an invalid warrantless search not within any
exceptions. We review this decision for an abuse of discretion. State v.
Bass, 2013 OK CR 7, ¶ 10, 300 P.3d 1193, 1196. An
abuse of discretion is any unreasonable or arbitrary action taken without proper
consideration of the facts and law pertaining to the issue; a clearly erroneous
conclusion and judgment, clearly against the logic and effect of the facts.
Neloms v. State, 2012 OK CR
7, ¶ 35, 274 P.3d 161, 170.
As we noted, the initial issue is whether Thomas has a reasonable expectation of
privacy in his cell phone contents. State v. Marcum, 2014 OK CR 1, ¶ 7, 319 P.3d 681, 683. The State
concedes that Thomas has an actual, subjective expectation of privacy, which
society is prepared to recognize as reasonable. Champeau v. State, 1984 OK CR 54, ¶ 11, 678 P.2d 1192, 1195-96; Bass,
2013 OK CR 7, ¶ 5, 300 P.3d at
1195.
¶5 Warrantless searches are unreasonable under the Fourth
Amendment unless they fall under "a few specifically established and
well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357, 88
S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). The State argues that the officers'
initial search of Thomas's phone was lawful as a search incident to arrest. A
search incident to arrest may include the suspect's person and the area within
his immediate control, where he could reach a weapon or destroy evidence.
Arizona v. Gant, 556 U.S. 332, 339, 129 S.Ct. 1710, 1716, 173 L.Ed.2d 485
(2009), quoting Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034,
2040, 23 L.Ed.2d 685 (1969). This doctrine is designed to promote officer safety
and prevent the destruction of evidence. Gant, 556 U.S. at 339, 129 S.Ct.
at 1716; Chimel, 395 U.S. at 762-63, 89 S.Ct. at 2040. The
United States Supreme Court recently considered the search of cell phones
incident to arrest in two cases, and held that, absent exigent circumstances or
some other exception, police must get a warrant before searching the data on a
cell phone. Riley v. California, __ U.S. __, 134 S.Ct. 2473, 189 L.Ed.2d
430 (2014).2
¶6 The State argues that, because a cell phone is a
container and a search incident to arrest of a container is lawful, the search
was lawful. The State relies on a broad reading of United States v.
Robinson, 414 U.S. 218, 235-36, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973),
arguing that any container found on an arrested person may be searched incident
to the arrest, whether or not it might hold a weapon or contraband. In
Riley, the Supreme Court rejected this argument and declined to extend
Robinson to searches of data on cell phones. Riley, 134 S.Ct. at
2484-85.3
¶7 In Riley, the Supreme Court considered the
characteristics of cell phones in the context of the Chimel exceptions -
officer safety and preservation of evidence. The Court first noted that data
stored on cell phones "cannot itself be used as a weapon to harm an arresting
officer or to effectuate the arrestee's escape." Riley, 134 S.Ct. at
2485. Officers may examine the phone itself to ensure it cannot, physically, be
used as a weapon, but once the officer has secured the phone, the data it
contains is not a threat. Id. The Supreme Court also rejected the
argument that cell phone data should be subject to search incident to arrest in
order to prevent the destruction of evidence. While acknowledging concerns
regarding remote wiping of data and data encryption, the Court noted these
concerns were both distinct from and broader than the Chimel focus on a
defendant who might try to destroy evidence within his reach. Riley, 134
S.Ct. at 2486. In addition, the Court noted, law enforcement can seize and
secure a phone to prevent the destruction of evidence, and has the means to
prevent destruction of data on cell phones. Riley, 134 S.Ct. at 2486-87.
The Court advised that any broader concerns regarding use of the data on a cell
phone immediately after arrest should be addressed through established
exceptions to the warrant requirement such as exigent circumstances.
Riley, 134 S.Ct. at 2485, 2487-88.
¶8 Part of the rationale for a search incident to arrest is
an arrestee's diminished expectation of privacy, but even with that diminished
expectation, where the privacy concern is important enough, a warrant may be
necesary. Riley, 134 S.Ct. at 2488. The Court rejected the State's
argument that the search of cell phone data was materially indistinguishable
from a search of other physical items, stating: "That is like saying a ride on
horseback is materially indistinguishable from a flight to the moon. Both are
ways of getting from point A to point B, but little else justifies lumping them
together." Id. The Court discussed the various and versatile uses of cell
phones, their immense storage capacity, their pervasive use and the highly
personal nature of the data stored on each phone, all of which differ
significantly from physical records and items that any person is likely to
carry. Riley, 134 S.Ct. at 2488-91. Furthermore, the Court recognized
that the data on a cell phone - the contents that officers wish to search - may
be stored remotely, not on the device itself. Authorizing a warrantless search
of data would thus resemble, as the opinion puts it, "finding a key in a
suspect's pocket and arguing that it allowed law enforcement to unlock and
search a house." Riley, 134 S.Ct. at 2491. The Court rejected partial
solutions to these concerns in favor of a bright-line test, easy for officers to
understand and apply.
¶9 The trial court here, anticipating the decision in
Riley, correctly found that Thomas's right to privacy in the contents of
his cell phone precluded its search incident to his arrest. The trial court did
not abuse its discretion in granting Thomas's motion to suppress the evidence
gained from the illegal search. Bass, 2013 OK CR 7, ¶ 10, 300 P.3d at
1196.
¶10 In Proposition I, the State argues the evidence should
not have been suppressed because officers only downloaded the pictures from
Thomas's phone after they got a warrant, and there was probable cause for the
warrant. The State notes that Thomas was walking in a high drug area, next to
houses under surveillance for drug activity and for which police had search
warrants, and that he possessed marijuana when he was stopped. The State
contends that all this would have supported a finding of probable cause for the
search warrant. However, the warrant itself explicitly states that, while
looking through Thomas's phone, the affiant saw several pictures of Thomas
holding crack cocaine, guns and cash. The affiant uses these photographs as the
basis for the probable cause for the search warrant. The State tacitly admits
that the affidavit relied solely on the warrantless, unconsented search, arguing
only that it should not be void because the other information in the warrant
could have established probable cause. While the other information might have
established probable cause to arrest and search Thomas, it did not establish
probable cause to search the contents of Thomas's cell phone. The State also
relies on the fact that officers were about to serve warrants on the two
residences. There is nothing in the record, other than the pictures on his
phone, which directly connects Thomas to either residence, and those residence
warrants cannot justify the search of Thomas's phone.
¶11 The State also argues that, even if the search warrant
for the phone lacked probable cause (because it was based on the results of the
unconsented, warrantless search), the evidence should not be suppressed because
the officers relied on the warrant in good faith. The State inexplicably appears
to argue that in cases dating back to 1992, this Court adopted the good faith
argument (in fact, the State relies on the case in which the Court declined to
adopt that doctrine, Solis-Avila v. State, 1992 OK CR 27, ¶ 4, 830 P.2d 191, 192). This Court
adopted the good-faith doctrine in Sittingdown v. State, 2010 OK CR 22, ¶ 17, 240 P.3d 714, 718. However, the
State offers no compelling reason to apply that doctrine here. Courts will not
apply the exclusionary rule when officers act with an objectively reasonable
belief that their conduct is lawful. United States v. Leon, 468 U.S. 897,
909, 922, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984). This is not a question of
a warrant based on stale information, or one which relied on an informant
without establishing the informant's credibility. Rather, this warrant was
explicitly based on the results of an illegal search. When this stop and search
occurred, there was no binding appellate precedent which could have justified
the search of Thomas's cell phone, so officers could not have acted in
objectively reasonable reliance on previously settled law. Davis v. U.S.,
__ U.S. __, 131 S.Ct. 2419, 2428, 180 L.Ed.2d 285 (2011). The initial search of
Thomas's cell phone was unlawful, and the good faith exception does not
apply.
¶12 In Proposition III the State argues that the search was
lawful under Gant and Chimel because officers were looking on the
phone for evidence directly related to the crime for which Thomas was arrested.
Gant included this exception, but stressed that it was appropriate given
"circumstances unique to the vehicle context." Gant, 556 U.S. at 343, 129
S.Ct. at 1719. Riley emphasized the unique circumstances of that
exception. Riley, 134 S.Ct. at 2484. Its subsequent discussion of the
nature of cell phones starkly differentiates them from the vehicle search
context, and Riley did not include this Gant exception in its
clearly stated requirement that officers seeking to search cell phone data
should "get a warrant." Riley, 134 S.Ct. at 2495. Furthermore, nothing in
the record supports this claim. Thomas was arrested for possessing a small
quantity of loose marijuana in a pocket. That was a complete crime in itself,
and needed no further investigation.
¶13 In Proposition IV the State argues that the district
court erred in suppressing the evidence because police acted reasonably and no
police misconduct occurred. The State argues generally that suppression of the
evidence here would serve no purpose, because it would not deter police
misconduct. This claim depends on whether the officers acted reasonably in
searching the cell phone upon arrest. In fact, the officers' search of Thomas's
cell phone without a warrant was unreasonable, and Riley is dispositive.
Riley, 134 S.Ct. at 2495.
DECISION
¶14 The Judgment of the District Court of Oklahoma County
sustaining in part Appellee's Motion to Suppress is AFFIRMED. Pursuant to
Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22,
Ch.18, App. (2014), the MANDATE is ORDERED issued upon the
delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTYTHE
HONORABLE GLENN M. JONES, DISTRICT JUDGE
 
 

ATTORNEYS AT MOTION HEARING
 
MATTHEW SEARSASSISTANT PUBLIC DEFENDEROKLAHOMA COUNTY
PUBLICDEFENDER'S OFFICE611 COUNTY OFFICE BLDG.320 ROBERT S.
KERR AVE.OKLAHOMA CITY, OK 73102COUNSEL FOR DEFENDANT
 
 
THOMAS SCHURRASSISTANT DISTRICT ATTORNEY505 COUNTY OFFICE
BLDG.320 ROBERT S. KERR AVE.OKLAHOMA CITY, ok 73102COUNSEL FOR
STATE

ATTORNEYS ON APPEAL
 
DAVID W. PRATEROKLAHOMA CO. DISTRICT ATTORNEYWILLIAM R.
PIERCEASSISTANT DISTRICT ATTORNEY320 ROBERT S. KERR AVE.SUITE
505OKLAHOMA CITY, OK 73102COUNSEL FOR APPELLANT/STATE
 
 
PAUL M. CLARKASSISTANT PUBLIC DEFENDEROKLAHOMA COUNTY
PUBLICDEFENDER'S OFFICE611 COUNTY OFFICE BUILDING320 ROBERT S.
KERR AVE.OKLAHOMA CITY, OK 73102COUNSEL FOR
APPELLEE

OPINION BY: Smith, V.P.J.Lewis, P.J.: CONCURLumpkin, J.:
CONCUR IN RESULTSA. Johnson, J.:CONCUR

FOOTNOTES

1 Thomas
had earlier received deferred sentences in Oklahoma County Case No. CF-2011-5826
for trafficking in illegal drugs; and in Oklahoma County Case No. CF-2010-185
for possession of marijuana within 2000 feet of a school. The Honorable Kenneth
Watson granted the State's application to accelerate these deferred sentences on
March 18, 2013. This Court denied Thomas's appeal from this decision in
Thomas v. State, Case No. F-2013-330 (Okl.Cr. Apr. 9, 2014) (not for
publication).

2 This
case was fully briefed in this Court on May 2, 2014, and counsel did not have
the benefit of the guidance Riley gives this novel issue.

3 The
State argues that the "fundamental difference" between the two cases is that
Robinson addresses an item found on an arrestee, while Gant,
Chimel and Belton concern objects within an arrestee's reach. On
the contrary, the fundamental difference between these cases is that Gant
was decided thirty-seven years after Robinson. This area of law has
evolved significantly since 1973. At the time of the trial court's ruling in
this case, Gant was the Supreme Court's latest ruling on the purpose and
scope of searches incident to arrest. The State misses this elementary point
when it argues that subsequent decisions following Gant ignore
Robinson. One cannot view this jurisprudence in isolation. The Supreme
Court's decision in Riley renders this argument moot.

LUMPKIN, JUDGE: CONCURING IN RESULT
¶1 I concur in the Court's decision to affirm the District Court's order
suppressing evidence obtained as a result of the search of Appellee's cellular
phone but write separately to address the following.
¶2 The United States Supreme Court's opinion in Riley v. California,
___ U.S. ___, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), controls this Court's
determination of the present case. In Riley, the Supreme Court determined
that an officer's warrantless search of data on a cell phone incident to arrest
violated the Fourth Amendment to the United States Constitution. Id., 134
S.Ct. at 2485-86. Absent other case-specific circumstances justifying a
warrantless search, a warrant is required before an officer may search the data
on a cell phone, even when incident to arrest. Id., 134 S.Ct. at 2485,
2493-94.
¶3 In the present case, officers arrested Appellee for possession of a
controlled dangerous substance, searched his phone incident to arrest, viewed
certain photographs of Appellee stored within the phone's data and discovered
evidence of a separate criminal offense. The officers' viewing of the contents
of Appellee's cell phone constituted a search. As this search was warrantless
and not supported by exigent circumstances, it was unlawful under Riley.
Id.
¶4 The State argues for application of the good-faith exception to the
exclusionary rule that the United States Supreme Court outlined in United
States v. Leon, 468 U.S. 897, 920-21, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677
(1984). However, the good-faith exception does not apply to the circumstances of
the present case.
¶5 Years ago this Court recognized that Article II, § 30 of the Oklahoma
Constitution and the Fourth Amendment to the Federal Constitution contain almost
exactly the same wording and in substance are identical in the rights protected.
Sittingdown v. State, 2010 OK
CR 22, ¶ 17, 240 P.3d 714,
718; State v. McNeal, 2000 OK
CR 13, ¶ 10, 6 P.3d 1055,
1057; Long v. State, 1985 OK CR
119, ¶ 6, 706 P.2d 915,
916-17; State v. Thomason, 1975
OK CR 148, ¶ 14, 538 P.2d 1080,
1086; DeGraff v. State, 1909
OK CR 82, 2 Okla.Crim. 519, 103
P. 538, 541. Therefore, this Court follows the United States Supreme Court's
precedent concerning the Fourth Amendment and, in particular, the good-faith
exception to the exclusionary rule. Id.; see Tomlin v.
State, 1994 OK CR 14, ¶ 33,
869 P.2d 334, 341 (recognizing
the Court's repeated refusals to extend Leon good-faith exception beyond
the parameters that the Supreme Court has outlined)
¶6 The extent of the good-faith exception is well defined. "The exclusionary
rule is not applied when a law enforcement officer has conducted a search in
'objectively reasonable reliance' upon a search warrant issued by a magistrate
and has abided by the terms of the warrant even if the warrant is subsequently
determined to be invalid." State v. Sittingdown, 2010 OK CR 22, ¶ 17, 240 P.3d 714, 718, citing
Leon, 468 U.S. at 922, 104 S.Ct. at 3420. The good-faith exception turns on
objective reasonableness. Leon, 468 U.S. at 923, 104 S.Ct. at 3421. In
Davis v. United States, ___ U.S. ___, 131 S.Ct. 2419 180 L.Ed.2d 285
(2011), the Supreme Court listed those areas where the Court had extended the
good-faith exception to similarly themed circumstances.

Illinois v. Krull, 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364
(1987), extended the good-faith exception to searches conducted in
reasonable reliance on subsequently invalidated statutes. Id., at
349-350, 107 S.Ct. 1160 ("legislators, like judicial officers, are not the
focus of the rule"). In Arizona v. Evans, supra, the Court
applied the good-faith exception in a case where the police reasonably
relied on erroneous information concerning an arrest warrant in a database
maintained by judicial employees. Id., at 14, 115 S.Ct. 1185. Most
recently, in Herring v. United States, 555 U.S. 135, 129 S.Ct. 695,
172 L.Ed.2d 496, we extended Evans in a case where police employees erred in
maintaining records in a warrant database. "[I]solated," "nonrecurring"
police negligence, we determined, lacks the culpability required to justify
the harsh sanction of exclusion. 555 U.S., at 137, 144, 129 S.Ct.
695.
Id., 131 S.Ct. at 2428. The Supreme Court has also extended the
good-faith exception to searches conducted in reasonable reliance on binding
appellate precedent. Id., 131 S.Ct. at 2434.
¶7 Turning to the seizure of Appellee's cell phone data, none of the
objectively reasonable circumstances that the United States Supreme Court has
recognized are present. After the officers viewed the phone's contents and
discovered photographic evidence of the separate offense, the officers asked
Appellee for consent to download the contents of the phone and Appellee
declined. The officers then used their knowledge of the photographs on the phone
to obtain a search warrant for the phone's contents and seized the data pursuant
to the warrant. As the officers' initial viewing of the photographs on the cell
phone was unlawful, the officers could not have acted in the objectively
reasonable belief that their conduct did not violate the Fourth Amendment.
Leon, 468 U.S. at 923, 926, 104 S.Ct. at 3421, 3422 (holding suppression
is appropriate where officers could not have harbored objectively reasonable
belief that the search warrant was valid).
¶8 In Baxter v. State, 2010 OK CR 20, 238 P.3d 934, this Court discussed
application of the exclusionary rule. Id., 2010 OK CR 20, ¶ 9, 238 P.3d at
937. The question is whether the evidence was "'come at by exploitation of that
illegality or instead by means sufficiently distinguishable to be purged of the
primary taint.'" Id., quoting Wong Sun v. United States,
371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963).
¶9 In the present case, the evidence against Appellee was solely the result
of the unlawful search of his cell phone's contents. The officers would not have
known of the photographs without first conducting the illegal search of the
phone's contents. Thus, the officers did not have any independent source for
their knowledge of the separate offense and there was not any intervening
occurrence which might attenuate the connection between the unlawful search and
the evidence and thus dissipate the taint. Wong Sun, 371 U.S. at 487-88,
83 S.Ct. at 417. As the officers obtained the data from Appellee's cell phone
through exploitation of the initial illegal search of the phone's content, the
officers did not have an objective reasonable belief that the search warrant was
valid and the District Court properly suppressed the phone's data.
 

Citationizer© Summary of Documents Citing This DocumentCite
Name
Level
None Found.Citationizer: Table of AuthorityCite
Name
Level
Oklahoma Court of Criminal Appeals Cases CiteNameLevel 1992 OK CR 27, 830 P.2d 191, SOLIS-AVILA v. STATEDiscussed 1994 OK CR 14, 869 P.2d 334, TOMLIN v. STATEDiscussed 1909 OK CR 82, 103 P. 538, 2 Okl.Cr. 519, De Graff v StateDiscussed 2009 OK CR 9, 204 P.3d 1285, STATE v. POPEDiscussed 2010 OK CR 20, 238 P.3d 934, BAXTER v. STATEDiscussed at Length 2010 OK CR 22, 240 P.3d 714, STATE v. SITTINGDOWNDiscussed at Length 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATEDiscussed 2013 OK CR 7, 300 P.3d 1193, STATE v. BASSDiscussed at Length 2014 OK CR 1, 319 P.3d 681, STATE v. MARCUMDiscussed 1975 OK CR 148, 538 P.2d 1080, STATE v. THOMASONDiscussed 1984 OK CR 54, 678 P.2d 1192, CHAMPEAU v. STATEDiscussed 1985 OK CR 119, 706 P.2d 915, LONG v. STATEDiscussed 2000 OK CR 13, 6 P.3d 1055, 71 OBJ 1922, State v. McNealDiscussedTitle 21. Crimes and Punishments CiteNameLevel 21 O.S. 1283, Convicted Felons and DelinquentsCitedTitle 22. Criminal Procedure CiteNameLevel 22 O.S. 1053, State or Municipality May Appeal in What CasesDiscussedTitle 63. Public Health and Safety CiteNameLevel 63 O.S. 2-402, Prohibited Acts B - PenaltiesCited